UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MIRANDA THOMAS,

    Plaintiffs,

    v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, *et al.*,

    Defendants.

Case No. C17-475-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Miranda Thomas' Motion to Remand. Dkt. # 19. Defendants American Family Mutual Insurance Company, American Family Insurance Company (collectively, "AF"), and AFNI, Inc. ("AFNI") oppose the Motion. Dkt. ## 23, 26. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

## II. BACKGROUND

Plaintiff filed this putative class action against Defendants, alleging violations of the Washington Consumer Protection Act, in King County Superior Court. Dkt. # 1. Plaintiff alleges that Defendants committed "unfair and deceptive acts" while collecting on a debt Plaintiff incurred following a motor vehicle collision with one of AF's insureds. Plaintiff's Complaint alleges damages less than $5 million. Defendants removed the case

ORDER – 1

to this Court under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). Dkt. # 1. Plaintiff then filed this Motion for Remand. Dkt. # 19.

## III. DISCUSSION

Removal jurisdiction is strictly construed in favor of remand, and any doubt as to the right of removal must be resolved in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). The party seeking a federal forum has the burden of establishing that federal jurisdiction is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). The removing party must carry this burden not only at the time of removal, but also in opposition to a motion for remand. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Pursuant to CAFA, federal courts have jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 552, 190 L. Ed. 2d 495 (2014). "'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart*, 135 S. Ct. at 554.)

In determining the amount in controversy, courts first look to the complaint. *Ibarra*, 775 F.3d at 1197. "Where . . . damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id.* This burden remains the same even if the plaintiffs "affirmatively contend in that complaint that damages do not exceed $5 million." *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013). When plaintiffs affirmatively state that the amount in controversy does not exceed $5 million, a defendant must show that the "estimate of damages in controversy is

ORDER – 2

a reasonable one." *Ibarra*, 775 F.3d 1197.  Where a defendant's assertion of the amount in controversy is contested by the plaintiffs, both sides submit proof and the Court must decide, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. *Dart*, 135 S. Ct. at 554.

The parties do not dispute whether this putative class action meets the other requirements of § 1332(d).  Plaintiff's Complaint alleges damages less than $5 million, thus, Defendants have the burden to establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold of $5 million.  Plaintiff argues that Defendants have not met that burden, and that removal was improper.

Defendants make several assertions regarding the amount of damages in controversy in this claim.  First, Defendants asserted in their notice of removal that Plaintiff's allegations put at least $10.2 million in dispute.  Dkt. # 1.  They based this estimate on Plaintiff's class definition.  The Class is defined as follows:

> All Washington motorists who were in automobile accidents with American Family Mutual Insurance Company insureds, and who, during the period from February 15, 2013 to February 15, 2017, 1) received an initial letter from AFNI, on behalf of American Family Mutual Insurance Company and/or American Family Insurance Company, seeking reimbursement for damage resulting from the accident; and 2) after payment of the claimed amount, received a second letter from AFNI seeking reimbursement for additional or different damage resulting from the same accident.

Dkt. # 1 Ex. 1.  Defendants determined that AF referred more than 2,400 matters to AFNI involving potential subrogation claims against motorists residing in Washington State during the period at issue.  According to their calculations, the total value of these claims was over $10.2 million.  Dkt. # 2.  Defendants provided a declaration, but no data or other evidence in support of these assertions.  Dkt. # 2.

Defendants acknowledge that they did not know at the time of removal how many of these subrogation matters involved a Washington motorist that received more than one letter from AFNI seeking reimbursement for damages resulting from the same accident,

ORDER – 3

but AFNI maintains in its Response that the proffered number is an accurate estimate of the damages at issue. AFNI argues that the estimated $10.2 million includes all of the potential plaintiffs, and that once actual, statutory and treble damages, as well as attorneys' fees are taken into account for "even a fraction of the group", the $5 million threshold would be met. Dkt. # 23. Dkt. # 1 ¶ 11. AFNI provides no data to support this vague assumption. AFNI refers to data attached to Mr. Karr's declaration, but no such data was submitted to the Court with the declaration. Dkt. # 23 at 6.

AF contends that since the notice of removal was filed, AF continued to search for data to support its estimate and now believes that the class of potential plaintiffs described in Plaintiff's Complaint are those uninsured Washington motorists who were involved in accidents that generated different types of damages, i.e., property damages and medical expenses. Dkt. # 26. Based on that belief, AF submits that instead of an estimate based on all subrogation claims against motorists residing in Washington State during the period at issue, the estimate can now be narrowed to the total dollar value of subrogation claims that involved both physical property damage and medical expenses, or $6,467,795. AF also represents that the submitted data shows that AF was able to recover $1,999,066 on those specified subrogation claims, minus the additional contingency fees collected by AFNI. Dkt. # 28. AF provided no data regarding the amount of fees that AFNI collected on these claims. AF argues that the total dollar value of the specified subrogation claims, $6,467,795, is a reasonable estimate for the damages at issue because it represents the amount they believe Plaintiff is seeking in damages: 1) compensatory damages for amounts actually paid to AFNI; and 2) injunctive relief to prevent the collection of amounts yet unpaid. AF argues that this amount combined with Plaintiff's claims for attorneys' fees and treble damages would exceed the jurisdictional threshold.

Plaintiff argues that AF's estimate is unreasonable because it does not accurately reflect the Class as defined in the Complaint. Specifically, Plaintiff disputes whether an

ORDER – 4

estimate based on subrogation claims that involved both physical property damage and medical expenses can accurately be equated to those claims that involve motorists that received an initial letter from AFNI seeking reimbursement for damage and then after paying that amount, received a second letter seeking reimbursement for additional or different damage from the same accident. Dkt. # 30 at 6. In making its estimate, AF made an assumption that AFNI could only typically send multiple letters seeking different damages amounts when there are multiple types of damages. AF made this assumption partly because Plaintiff's specific collection requests each covered a different type of damage. The first collection letter Plaintiff received from AFNI sought to recover amounts related to property damage. After Plaintiff paid that amount, she received a second collection request that sought to recover amounts related to the insured's medical expenses. Dkt. # 26 at 9-10. However, AF acknowledges that this assumption is not based on its knowledge of actual correspondence between AFNI and putative class members because they are not in possession of any of that correspondence. *Id.*

While it is true that Defendants need not prove that its estimate is accurate to a "legal certainty", they must still show that their estimates are reasonable. AFNI provides no data to support the original estimate of $10.2 million and instead relies on speculative statements. AFNI's co-defendants, AF, provide data, but do not show by a preponderance of the evidence that its interpretation of that data and the resulting estimate, are reasonable. By AF's own acknowledgement, it based its estimate on all subrogation claims within its initial narrowed grouping of claims that involved multiple types of damages. AF's estimate makes assumptions about AFNI's typical collection practices that are not backed by any evidence. AF only speculates what types of claims *could* lead to AFNI sending multiple collection letters, but AF does not assert that it has any actual knowledge of AFNI's procedures. AF has not shown that its interpretation of the Class and resulting calculations are reasonable. As Defendants have not shown by a

ORDER – 5

preponderance of the evidence that the amount in controversy exceeds the threshold requirement set out in CAFA[1], Plaintiff's Motion for Remand is **GRANTED.**

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand. Dkt. # 19.  The Court hereby **REMANDS** this case to King County Superior Court.

DATED this 20th day of October, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

---

[1] AFNI argues in its Response that Plaintiff fails to state a claim against it under RCW 19.16.250 and WAC 284-30-330 because neither statute applies to AFNI. As Plaintiff's Motion to Remand has been granted, the Court declines to make a judgment as to whether Plaintiff's Complaint sufficiently states a claim against AFNI.

ORDER – 6